# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **RODERICK CORLION PEARSON,** } | |
| Petitioner, } | |
| } | |
| v. } | Case No.: 2:16-cv-08068-RDP |
| } | (2:07-cr-00072-RDP-SGC) |
| **UNITED STATES OF AMERICA,** } | |
| Respondent. } | |

## MEMORANDUM OPINION

This case is before the court on Petitioner's Motion to Vacate Under 28 U.S.C. § 2255. (Civil Docket, Doc. # 1).[1] The court appointed the Federal Public Defender to represent Petitioner, and the Public Defender has filed a supplement to the § 2255 motion. (Civil Docket, Doc. # 6). Respondent has filed a brief addressing Petitioner's claims (Civil Docket, Doc. # 8), and the motion to vacate is now under submission. After careful review, and for the reasons explained below, Petitioner's motion to vacate is due to be granted in part and denied in part.

**I.     Factual Background and Procedural History**

On May 7, 2007, Petitioner pled guilty to: (1) one count of armed bank robbery, in violation of 18 U.S.C. § 2113(a) and (d) ("Count Three"); (2) one count of brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(C)(i) ("Count Four"); and (3) one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) ("Count Five"). (*See* Criminal Docket, Second Minute Entry dated May 7, 2007). (*See also* Criminal Docket, Doc. # 51 at 4-5) (describing the charges in the indictment and the

---

[1] This opinion refers to Case Number 2:16-cv-08068-RDP as the "Civil Docket" and Case Number 2:07-cr-00072-RDP-SGC as the "Criminal Docket."

guilty plea to three of the five charges filed against Petitioner). A jury then convicted Petitioner of a second count of armed bank robbery ("Count One") and a second count of brandishing a firearm during and in relation to a crime of violence ("Count Two"). (Criminal Docket, Doc. # 27). (*See also* Criminal Docket, Doc. # 51 at 4-5).

Petitioner's Presentence Investigation Report ("PSR") recommended that Counts Three and Five be considered a separate offense group from Count One.[2] (*See* PSR at ¶¶ 19-32). After a multiple-count adjustment, the PSR calculated a total offense level of 26 for Counts One, Three, and Five. (*Id.* at ¶¶ 34-41). Then, it enhanced Petitioner's offense level to 34, pursuant to the career offender guideline, U.S.S.G. § 4B1.1, because (a) the offenses at issue were crimes of violence, (b) Petitioner was over 18 years old when he committed the offenses at issue, and (c) Petitioner previously had been convicted of two crimes of violence. (*Id.* at ¶ 42). According to the PSR, Petitioner's prior convictions for crimes of violence included attempted robbery and discharging a firearm into an unoccupied vehicle. (*Id.*). Moreover, the PSR stated that Petitioner was an armed career criminal and subject to the mandatory minimum sentence in 18 U.S.C. § 924(e) -- otherwise known as the Armed Career Criminal Act ("ACCA") -- for his § 922(g)(1) conviction. (*Id.* at ¶ 46). Ultimately, the PSR recommended a total guideline range of 646 to 711 months' imprisonment for all five counts. (*Id.* at ¶¶ 44-45, 87).

Petitioner objected to several aspects of the PSR's guideline calculation. (Criminal Docket, Doc. # 28). Among other objections, he first argued that the PSR incorrectly applied a career offender enhancement because his conviction for discharging a firearm into an unoccupied vehicle was not a crime of violence. (*Id.* at 1). Second, he claimed that his attempted robbery conviction was not a crime of violence because he had acted as an accomplice during the

---

[2] The PSR did not calculate an offense level for Counts Two and Four because the guideline range sentence for those convictions was determined by the statutory minimum sentence. (PSR at ¶ 19).

attempt. (*Id.* at 2). Third, he argued that the PSR incorrectly calculated the guideline range for Count Five (the § 922(g) conviction) because he had not been previously convicted of a crime of violence. (*Id.*). Finally, Petitioner claimed that his mandatory minimum sentence should only have been seven years' imprisonment because Counts Two and Four were his first § 924(c) convictions. (*Id.* at 3).

At sentencing, the court overruled Petitioner's objections to the crimes of violence used to justify the career offender enhancement. (Criminal Docket, Doc. # 40 at 30-31). The court adopted the PSR's guideline range of 646 to 711 months' imprisonment. (*Id.* at 31). Also, it found that Petitioner was subject to the enhanced mandatory minimum sentence in the ACCA for Count Five because he had been convicted of three separate violent felonies. (*Id.* at 31-32). But, the court granted Petitioner a substantial downward variance from the guideline range. (*Id.* at 39-40).

> I am going to vary down as my authority under Booker allows me to do to a sentence of 180 months as to Counts One, Three and Five separately with each count to run concurrently. . . .
>
> As to Count Two, the defendant shall be imprisoned for a term of 84 months. As to Count Four, he shall be imprisoned for a term of 300 months. And the sentence in Count Two and Count Four shall run consecutively to the sentences imposed in Counts One, Three and Five and consecutive with each other.

(*Id.*). The court acknowledged that a 564-month imprisonment sentence amounted to "a tremendous amount of time," but it was the minimum sentence Petitioner could receive for his convictions. (*Id.* at 40). Following objections from Petitioner's and Respondent's attorneys, the court explained why the sentence was reasonable:

> THE COURT: I do think the sentence is reasonable. I think it was largely driven by the consecutive sentences required for the crime of the 924 violations obviously, but I do think it's reasonable under the circumstances, in light of particularly the effects on the victims, the multiple bank robberies that occurred within a close time, although they're not due to be grouped. And also I think the

3

variance is reasonable, because I think the sentence imposed is reasonable in light of the conduct you've engaged in. I really tried to hit the right mark on finding a sentence that's sufficient but not greater than necessary to achieve the statutory purposes of sentencing, and I think the 564 months does that. I think 646 months, I think that extra time would not achieve the statutory purposes of sentencing and would not -- it would essentially be too great a punishment in this case.

(*Id.* at 43-44).

On appeal, the Eleventh Circuit affirmed Petitioner's convictions and sentences. (Criminal Docket, Doc. # 51 at 13). The Eleventh Circuit rejected Petitioner's claim that a conviction for discharging a firearm into an unoccupied vehicle did not qualify as a crime of violence under the Sentencing Guidelines. (*Id.* at 9-11). Relying on an earlier unpublished opinion, the Eleventh Circuit explained that such a conviction was a crime of violence because "discharging a firearm into a dwelling -- occupied or unoccupied -- involved a potential risk of physical injury." (*Id.* at 10) (citing *United States v. Rabb*, 248 F. App'x 133, 134 (11th Cir. 2007)).

In 2009, Petitioner filed a motion to vacate under § 2255. (Case No. 2:09-cv-08041-RDP-PWG, Doc. # 1). Among other things, Petitioner claimed that the court erroneously sentenced him to a mandatory minimum sentence under the ACCA because he was actually, factually, and legally innocent of the predicate violent felonies used to justify that sentence. (*Id.* at 12). A Magistrate Judge recommended denying the claim because he found that Petitioner had not been sentenced under the ACCA.[3] (Case No. 2:09-cv-08041-RDP-PWG, Doc. # 13 at 11-12). After reviewing Petitioner's objections, the court affirmed the Magistrate Judge's recommendation to deny Petitioner's initial motion to vacate. (Case No. 2:09-cv-08041-RDP-

---

[3] The court recognizes that Petitioner was sentenced to a mandatory minimum sentence under the ACCA, notwithstanding the Magistrate Judge's finding in his Report and Recommendation. (Criminal Docket, Doc. # 40 at 31-32).

4

PWG, Doc. # 15). The Eleventh Circuit ultimately dismissed Petitioner's appeal for a failure to prosecute. (Case No. 2:09-cv-08041-RDP-PWG, Doc. # 28).

In May 2016, the Eleventh Circuit granted Petitioner leave to file a second or successive motion to vacate under § 2255 to challenge his ACCA mandatory minimum sentence. (Civil Docket, Doc. # 6-1 at 2, 5). The Eleventh Circuit found that the predicate violent felonies supporting the court's application of the ACCA were (1) discharging a firearm into an unoccupied vehicle in Alabama, (2) attempted robbery in Virginia, and (3) conspiracy to commit robbery in Virginia. (*Id.* at 4). The Eleventh Circuit explained that the Supreme Court's opinion in *Johnson v. United States*, 135 S. Ct. 2551 (2015), might provide relief to Petitioner because the Eleventh Circuit had relied on the career offender guideline's residual clause during his direct appeal to determine that discharging a firearm into an unoccupied vehicle was a crime of violence. (*Id.*). Moreover, the Eleventh Circuit determined that the other two violent felonies used to justify the ACCA enhancement were "suspect." (*Id.*).

Through counsel, Petitioner raises three arguments for relief in his current motion to vacate. First, he argues that his sentence for Count Five exceeds the statutory maximum because the court erroneously enhanced that sentence under the ACCA. (Civil Docket, Doc. # 6 at 7-12). Petitioner claims that neither conspiracy to commit robbery nor discharging a firearm into an unoccupied vehicle can be classified as a violent felony following the Supreme Court's *Johnson* opinion. (*Id.* at 9-12). Second, Petitioner claims that the court should set aside his sentences for Counts One and Three because the court imposed a sentence package for Counts One, Three, and Five based on the ACCA minimum sentence. (*Id.* at 12-13). Finally, Petitioner argues that his sentences for Counts One and Three should be vacated because he no longer qualifies as a career offender following *Johnson*. (*Id.* at 13-21).

5

**II.    Analysis**

A federal prisoner may file a motion to vacate his or her sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). It is well settled that "to obtain collateral relief[,] a prisoner must clear a significantly higher hurdle than would exist on direct appeal." *United States v. Frady*, 456 U.S. 152, 166 (1982).

    **A.**    **Petitioner is Entitled to Habeas Relief for His ACCA-Enhanced Sentence for Count Five**

Petitioner argues in his counseled motion that his ACCA-enhanced sentence exceeds the statutory maximum because two of the three predicate violent felonies cannot be classified as violent felonies following *Johnson*. The government concedes that Petitioner's conviction for shooting into an unoccupied vehicle no longer qualifies as a violent felony under the ACCA. (Doc. # 8 at 4). In light of this concession, and the court's independent review of the sentencing transcript, the court agrees that Petitioner's conviction for shooting into an unoccupied vehicle was classified as a violent felony under the ACCA's residual clause. Therefore, Petitioner is entitled to vacatur of the sentence for Count Five and resentencing on that count. *See Welch v. United States*, 136 S. Ct. 1257, 1265 (2016) (holding that the *Johnson* opinion is "a substantive decision" that is retroactively applicable to cases on collateral review under *Teague v. Lane*, 489 U.S. 288 (1989)).

    **B.**    **Petitioner is Entitled to Resentencing on Counts One and Three Because the Court's Sentencing Package for Counts One, Three, and Five Relied on the ACCA-Enhanced Mandatory Minimum Sentence**

Petitioner also argues that the court should vacate the imprisonment sentences it imposed for Counts One and Three, along with the ACCA-enhanced sentence for Count Five, because the

concurrent sentences for Counts One, Three, and Five were based on a sentencing package. (Doc. # 6 at 12-13). The government has not objected to this argument for relief. (*See* Doc. # 8 at 5) ("[T]he government will not object if this [c]ourt determines that the sentences were imposed as a package and, on that basis, vacates the bank-robbery sentences as well.").

The sentencing package doctrine allows a district court to revisit the sentences for all interdependent counts after a defendant successfully attacks the sentence of some but not all counts within that package. *Sewell v. United States*, 2016 WL 6986507, at *1 (M.D. Ala. Nov. 28, 2016) (citing *United States v. Fowler*, 749 F.3d 1010, 1017 (11th Cir. 2014)). "This doctrine applies whether the resentencing occurs in a § 2255 proceeding or on remand from a direct appeal." *Id.* A defendant's sentences are sufficiently interdependent to apply the sentencing package doctrine if the district court viewed the original sentence as a package. *Fowler*, 749 F.3d at 1017.

Here, the court plainly considered the sentences for Counts One, Three, and Five to be part of the same sentencing package when it imposed Petitioner's imprisonment sentences. The court grouped the sentences for Counts One, Three, and Five together when it granted a downward variance to Petitioner.[4] (Doc. # 40 at 39). In hindsight, the court concludes that sentencing package was off the mark because the ACCA enhancement for Count Five's sentence was based on the now-void residual clause. Under the sentencing package doctrine, resentencing on Counts One, Three, and Five is the appropriate form of relief.

### C. Petitioner's Challenge to His Career Offender Enhancement Fails Under Current Supreme Court Precedent

In his third claim, Petitioner insists that the residual clause in the career offender guideline is void for vagueness because (a) it is identical to the ACCA's residual clause, and (b)

---

[4] The consecutive sentences Petitioner received for Counts Two and Four were mandatory minimum sentences for his separate brandishing offenses.

7

the Supreme Court declared the ACCA's residual clause unconstitutionally vague in *Johnson*. (Doc. # 6 at 13-19). After the parties briefed this motion to vacate, the Supreme Court held that the residual clause in U.S.S.G. § 4B1.2(a) is not void for vagueness because "the advisory Sentencing Guidelines are not subject to a due process vagueness challenge." *Beckles v. United States*, 137 S. Ct. 886, 897 (2017). Under *Beckles*, Petitioner's vagueness challenge to the career offender guideline is due to be denied.

## III.   Conclusion

Petitioner's motion to vacate is due to be granted in part and denied in part. His imprisonment sentences for Counts One, Three, and Five are due to be vacated. But, his challenge to the career offender enhancement used to calculate his guideline range is due to be denied. An order consistent with this Memorandum Opinion will be entered.

**DONE** and **ORDERED** this June 29, 2017.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE